1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| LORI GRAY, et al.,  Plaintiffs,  v.  GOLDEN GATE NATIONAL RECREATION AREA, et al.,  Defendants. | **Case No. 3:14-cv-00511**  **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

1  On July 8, 2014, the Court held a Fairness Hearing to consider and determine whether the proposed settlement of the Litigation on the terms set forth in the Settlement Agreement should be approved as fair, just, reasonable, adequate and in the best interests of the class; whether Class Counsel's attorneys' fees and reimbursement of expenses should be approved in the amount agreed to in the Settlement Agreement; and whether the Order approving the settlement and dismissing the Litigation, subject to the Court retaining jurisdiction as set forth in the Settlement Agreement, should be entered.  Having read the papers submitted and carefully considered the arguments and relevant legal authority, and good cause appearing, the Court GRANTS Final Approval of Class Action Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Due and adequate notice of the Settlement Agreement was provided to the class by the parties through the following methods:

   1. Mailed or emailed to the 35 persons that were contacted by National Center on Accessibility as part of GGNRA's Self Evaluation and Transition Plan process, to the extent Defendants had mail or email addresses for such individuals.

   2. Mailed or emailed to the 1 person Defendants are aware of who has, since the *Gray I* action began, both communicated to GGNRA a concern about access at GGNRA and provided contact information.

   3. Mailed or emailed to all Class Members whose declarations Counsel submitted in *Gray I* (excluding those who are deceased).

   4. Posted on visitor bulletin boards at all staffed GGNRA visitor centers and all GGNRA visitor information kiosks with interchangeable content for a period of 90 days.

   5. Posted in English, Spanish, and Chinese languages on the accessibility page of GGNRA's website for 90 days.

   6. Posted in English, Spanish, and Chinese languages on the homepage of Disability Rights Advocates for a period of 90 days.

7. Posting of the complete Settlement Agreement on the GGNRA accessibility webpage and on Class Counsel's website, during the time period from issuance of notice up to the date of the final approval hearing.

8. Distributed on the following disability list serves: adapt.cal@yahoogroups.com and berkeley-disabled@yahoogroups.com.

9. Distributed to members of Plaintiff California Council of the Blind through its internet distribution channels.

10. Mailed or emailed to the executive directors of California Foundation for Independent Living Centers and independent living centers in California listed in Exhibit C to the Agreement with a request that it be posted and/or circulated in any email newsletters.

11. Mailed or emailed to the disability organizations listed in Exhibit C to the Agreement with a request that it be posted and/or circulated in any email newsletters.

12. Mailed to any members of the proposed class who have submitted any access complaints concerning GGNRA to Class Counsel since the *Gray I* action began to the extent Class Counsel had contact information for such individuals.

2. The form and manner of delivery to the class met the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all members of the class. There were no objections to the settlement.

3. The Court hereby approves the Agreement and finds that it is, in all respects, fair, adequate, and reasonable to all potential class members. It further appears that extensive evaluation of the merits has been conducted such that counsel for the parties are able to reasonably evaluate their respective positions. It also appears to the Court that settlement at this time will avoid substantial additional costs to all parties, as well as avoid the delay and the risks presented by further prosecution of issues addressed by the Settlement Agreement. It further appears that the Settlement Agreement has been reached as the result of intensive, prolonged, serious and non-collusive arms-length negotiations, including several settlement sessions supervised by Magistrate Judge Jacqueline S. Corley. The Court has reviewed the relief granted

as part of the Agreement and recognizes the significant value to the class of the injunctive relief provided by the settlement.

4. The Court retains continuing jurisdiction over this matter to hear and determine any applications for further relief under paragraph X.C.3 of the Settlement Agreement that are raised during the Settlement Period or that are raised within 60 days after the final report that Defendants submit to Class Counsel at the end of the Settlement Period.

**IT IS SO ORDERED.**

DATED: __July 9, 2014__                    _____
                                            HONORABLE ELIZABETH D. LAPORTE
                                            UNITED STATES MAGISTRATE JUDGE